**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-6448**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

LARON MARCELL MCINTYRE,

    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:06-cr-00213-D-1)

_____

Submitted:  July 23, 2009      Decided:  July 29, 2009

_____

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Laron Marcell McIntyre, Appellant Pro Se.  Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Laron Marcell McIntyre seeks to appeal the district court's order denying his 28 U.S.C.A. § 2255 (West Supp. 2009) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)); see Bowles v. Russell, 551 U.S. 205, __, 127 S. Ct. 2360, 2366 (2007)..

The district court's order was entered on the docket on November 3, 2008. The notice of appeal was filed on, at the earliest, February 24, 2009, one hundred thirteen days after entry of judgment.[*] Though McIntyre moved for, and received, leave from the district court to file an appeal out of time, the

---

[*] For purposes of this appeal, we assume that the date McIntyre wrote on the notice of appeal is the earliest date it could have been delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266 (1988).

district court was without authority to grant such an order, as McIntyre's motion was filed more than thirty days after the expiration of the appeal period. Fed. R. App. P. 4(a)(5). Accordingly, because McIntyre's notice of appeal was untimely, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED